UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 08-10384-RGS

CIVIL ACTION NO. 14-12014-RGS

CLARVEE GOMEZ

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

July 25, 2014

STEARNS, D.J.

Clarvee Dryden, proceeding *pro se*, brings this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Because I agree with the government that the petition raises no substantive issue that was not previously concluded adversely to the petitioner by the Court of Appeals, *see United States v. Gomez*, 716 F.3d 1 (1st Cir. 2013), the petition will be summarily dismissed with prejudice.[1]

---

[1] Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable section 2255

ORDER

For the foregoing reasons, Gomez's motion to vacate, set aside, or correct his sentence is *DISMISSED with prejudice*. Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order denying his motion to Vacate, Set Aside, or Correct Sentence/Conviction, is also *DENIED*, the court seeing no meritorious or substantial basis supporting further appeal.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress. *Id*. The petitioner bears the burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980). That burden is not met here. (To the extent that petitioner argues error under the subsequently decided Supreme Court decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the error was harmless beyond any reasonable doubt. *See United States v. Harakaly*, 734 F.3d 88, 95 (1st Cir. 2013)).